UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| DAVID ALLEN DAVIS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Nos. 2:17-CV-211; 2:15-CR-096 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION

Petitioner David Allen Davis filed a *pro se* motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. [Doc. 1].[1] The United States has responded in opposition to the motion [doc. 5], and Petitioner has not replied. The matter is now ripe for resolution.

The Court finds the materials submitted, together with the record of the underlying criminal case, conclusively show that Petitioner is not entitled to relief on the claim asserted. Accordingly, the Court will decide this matter without an evidentiary hearing. *See* 28 U.S.C. § 2255(b). For the reasons discussed below, Petitioner's motion to vacate will be denied and dismissed with prejudice.

---

[1] All docket references are to Case No. 2:17-CV-211 unless otherwise noted.

I.

*Background*

Petitioner and four co-defendants were charged in a 19-count superseding indictment. [Case No. 2:15-CR-096, doc. 26]. Petitioner was named in seven of those counts.

In June 2016, Petitioner entered into a plea agreement with the government. [*Id.*, doc. 115]. He agreed to plead guilty to Counts Three and Four (oxymorphone and oxycodone offenses, respectively, in violation of sections 841(a)(1), 841(b)(1)(C), and 846 of Title 21, United States Code), as well as Count 19 (conspiracy to threaten and attempt to engage in conduct which would cause bodily injury with the intent to retaliate for information believed to have been given to a law enforcement officer related to the commission or possible commission of a federal offense, in violation of section 1513(b)(2), (f) of Title 18, United States Code).

In the factual basis of his signed plea agreement, Petitioner acknowledged his participation in the retaliation conspiracy. [Case No. 2:15-CR-096, doc. 115, p. 4-10]. The plea agreement further provided: that the defendant was subject to a term of imprisonment of up to 20 years; that "[t]he Court may impose any lawful term(s) of imprisonment"; and that "[a]ny estimates or predictions made to the defendant by defense counsel or any other person regarding any potential sentence in this case are not binding on the Court, and may not be used as a basis to rescind this plea agreement or withdraw the defendant's guilty plea(s)." [*Id.* p. 1-2, 11-12].

On July 7, 2016, the Court conducted a change of plea hearing. At that hearing, the Court confirmed that Petitioner understood that his "sentence is to be determined by the Court."

Petitioner's sentencing hearing took place on November 22, 2016. The Court imposed a net sentence of 36 months' imprisonment. Its judgment "recommend[ed] that the defendant receive 500 hours of substance abuse treatment from the Bureau of Prisons' Institution Residential Drug Abuse Treatment Program [RDAP]." [Case No. 2:15-CR-096, doc. 195].

Petitioner did not file a direct appeal of his sentence or conviction. Instead, he submitted this timely *pro se* § 2255 motion to vacate on November 20, 2017.

According to the Bureau of Prisons, Petitioner was released from custody on July 23, 2019. *See* Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited Apr. 6, 2020). His 2255 petition remained pending.

II.

*Standards of Review*

To obtain relief under 28 U.S.C. § 2255, a petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). To warrant relief under 28 U.S.C. § 2255 because of constitutional error, the error must be one of constitutional magnitude which had a

3

substantial and injurious effect or influence on the proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993) (citation omitted) (§ 2254 case); *Jefferson v. United States*, 730 F.3d 537, 549-50 (6th Cir. 2013) (applying *Brecht* test to § 2255 motion). A petitioner "must clear a significantly higher hurdle than would exist on direct appeal" to secure collateral relief. *United States v. Frady*, 456 U.S. 152, 166 (1982); *Regalado v. United States*, 334 F.3d 520, 528 (6th Cir. 2003) (citing *Frady*, 456 U.S. at 166).

When a § 2255 movant claims he was denied his Sixth Amendment right to effective assistance of counsel, a court must presume that counsel provided effective assistance, and the movant bears the burden of showing otherwise. *Mason v. Mitchell*, 320 F.3d 604, 616-17 (6th Cir. 2003). To meet that burden, a petitioner must prove that specific acts or omissions by his attorney were deficient and that the attorney failed to provide "reasonably effective assistance," which is measured by "prevailing professional norms." *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). "[T]he constitutional right at issue here is ultimately the right to a fair trial, not to perfect representation." *Smith v. Mitchell,* 348 F.3d 177, 206 (6th Cir. 2003) (citing *Strickland*). A court's "role on habeas review is not to nitpick gratuitously counsel's performance. *Smith*, 348 F.3d at 206.

Next, a petitioner must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome," *id.*, and "requires a substantial, not just conceivable, likelihood of a different result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (citation and internal

quotation marks omitted). The prejudice test is modified in the context of a guilty plea—a petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Yet, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Strickland*, 466 U.S. at 691. Furthermore, if "it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed." *Id.* at 697.

A petitioner alleging ineffective assistance of counsel bears "a heavy burden of proof." *Pough v. United States*, 442 F.3d 959, 966 (6th Cir. 2006) (citation omitted). "Surmounting *Strickland*'s high bar is never an easy task . . . and the strong societal interest in finality has 'special force with respect to convictions based on guilty pleas.'" *Lee v. United States*, 137 S. Ct. 1958, 1967 (2017) (quoting *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010), and *United States v. Timmreck*, 441 U.S. 780, 784 (1979)).

III.

*Discussion*

Petitioner presents a single claim of ineffective assistance of counsel. He alleges that his attorney

> recommended and advised the defendant to sign the plea agreement. Furthermore the defendants [sic] attorney convinced the defendant that this was in the defendants [sic] best interest as the defendant was to be recommended for the Residential Drug Abuse Program which would result in the defendant receiving twelve months off of the sentence he would receive by signing the plea agreement. . . . The defendant was notified on

5

> January 31, 2017 by the RDAP staff that he would not be eligible to receive the qualifying time off for completing the RDAP Program. . . .
>
> . . . It is obvious that the defendants [sic] attorney mis-advised him and was not fully aware of the qualification guidelines associated with receiving time off his clients [sic] sentence."

[Doc. 2, p. 4-5]. Petitioner has submitted documentation of the Bureau of Prisons' determination that he would not be eligible for RDAP early release because of his conspiracy conviction (Count 19) which, "by its nature or conduct, presents a serious potential risk of physical force against the person or property of another." [*Id,*, p. 8].

Petitioner claims that, but for counsel's purported erroneous advice, he would not have "sign[ed] the plea *as first written* . . . and would not have sacrificed his eligibility for a reduction of his sentence and early release." [*Id.*, p. 5-6] (emphasis added). Notably, Petitioner does not claim that he would have gone to trial but instead suggests that his attorney should have negotiated a plea in which he would not have been convicted on Count 19. According to Petitioner, "[h]ad defendants [sic] counsel acted differently . . . , then the outcome of the sentence rendered upon the defendant would have represented the full and true understanding of the consequences rendered by the court and the terms of the plea agreement and sentence." [*Id.*, p. 6]. The instant petition "requests that this Honorable Court correct the sentence of the defendant so the true time served would be reflective of the true understanding of the plea agreement as entered. Thus the defendant is entitled to a nine month reduction of his sentence for his participation and completion of the Residential Drug Abuse Program (RDAP)." [*Id.*, p. 7].

6

Petitioner's claim fails at *Strickland's* second step. Dissatisfaction with a plea deal does not rise to a showing of constitutionally ineffective counsel. *See, e.g., Hunter v. United States*, 160 F.3d 1109, 1115 (6th Cir. 1998) ("[W]hile [petitioner] may later have decided that he could have done better, his dissatisfaction does not rise to a showing of constitutionally ineffective counsel"); *United States v. Parker*, 609 F.3d 891, 895 (7th Cir. 2010) ("[W]hether a petitioner 'could have negotiated a better plea deal is irrelevant in the ineffective assistance context.'") (quoting *Bethel v. United States*, 458 F.3d 711, 720 (7th Cir. 2006)).

Additionally, a criminal defendant has "no constitutional right to plea bargain." *Weatherford v. Bursey*, 429 U.S. 545, 561 (1977). The government was therefore under no obligation to offer a more lenient plea.

Petitioner's argument that his sentence, as served, did not "represent[] the full and true understanding of the consequences rendered by the court and the terms of the plea agreement and sentence" does not demonstrate prejudice. Petitioner's plea agreement did not provide for a certain term of imprisonment. *See* Fed. R. Civ. P. 11(c)(1)(C). Instead, it advised him (as did the Court at the change of plea hearing) that his sentence would be determined by the Court, not withstanding the predictions of any other person. This Court's judgment imposed a 36-month sentence, *recommended* RDAP participation, and made no mention of post-RDAP early release. That was so because eligibility for RDAP early release is a matter within the discretion of the Bureau of Prisons. *See Lopez v. Davis*, 531 U.S. 230 (2001); 18 U.S.C. § 3621(e)(2); 28 C.F.R. § 550.55(b).

Petitioner therefore cannot carry his burden of showing "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. His ineffective assistance claim will be denied.

IV.

*Conclusion*

For the reasons discussed in this Memorandum Opinion, Petitioner's § 2255 motion to vacate [Doc. 1] will be **DENIED** and **DISMISSED**.

V.

*Certificate of Appealability*

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if a petitioner has demonstrated a "substantial showing of a denial of a constitutional right." *Id.* The district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Id.*

A petitioner whose claims have been rejected on the merits satisfies the requirements of § 2253(c) by showing that jurists of reason would find the assessment of the claims debatable or wrong. *Slack*, 529 U.S. at 484. Having examined Petitioner's claim under the *Slack* standard, the Court finds that reasonable jurists could not find that

8

the dismissal of that claim was debatable or wrong. Therefore, the Court will **DENY** issuance of a certificate of appealability.

A separate judgment will enter.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge